## In re MARCUM.
### Patent Appeal No. 2606.

Court of Customs and Patent Appeals.
Feb. 25, 1931.

William A. Strauch and James A. Hoffman, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the Patent Office refusing to allow appellant's claims 3, 4, 5, and 9, for a patent on a dirigible wheel mounting and steering apparatus for use on motor vehicles. As originally filed in the Patent Office, appellant's application consisted of a number of counts. Some were allowed by the Patent Office, but the only ones in issue here are the four which are above mentioned. The rejections were made by the Board on the following references: Whittelsey, 1,126,326, January 26, 1915; Hallner, 1,234,014, July 17, 1917.

The rejected claims are as follows:

"3. A vehicle comprising a pair of axles; a pair of steering wheels supporting each axle; a frame; means comprising springs for supporting said frame from said axles in a manner to divide the load equally between said axles and permitting a motion substantially greater than the spring deflection of each axle with relation to said frame; steering means for said wheels; steering control means supported on said frame; and connections between said steering means and said control means compensating to a substantial degree for the relative movement of said wheels with relation to said frame.

"4. A vehicle comprising a pair of axles; a pair of steering wheels supporting each axle; a frame; means comprising springs for supporting said frame from said axles in a manner to permit a motion of each axle about a fixed axis with relation to said frame substantially greater in amount than the deflection of said springs; steering members for said wheels supported from said wheels; a common frame-supported steering control mechanism; and a connection between said control mechanism and said steering members adapted to maintain the steering alignment of said wheels independently of the relative movements of said steering members and said control mechanism under road conditions.

"5. A vehicle comprising a pair of axles; a pair of steering wheels supporting each of said axles; a frame; means for supporting said frame from said axles permitting substantial movement of each axle about a neutral axis with relation to said frame; steering means for each pair of wheels; a pair of arms pivoted to said frame; a pair of links connecting said steering means to said arms at points substantially intersected by said neutral axes when said wheels are in alignment; and a common control means supported on said frame simultaneously actuating said arms to effect steering of said wheels."

"9. A vehicle comprising a frame, tandem axles supported on dirigible wheels, each axle being secured to said frame by a pair of springs that are pivotally mounted on said frame at their front ends, means to connect the rear ends of said springs to said frame, means attached to said wheels to steer them, and mechanism to actuate said means including rearwardly extending links swinging about pivots that are substantially in the vertical plane containing the spring pivots and secured to said last named means at points substantially in vertical planes containing the axes of the dirigible mounting of the wheels."

Two features of appellant's disclosure are claimed to be novel. He shows axles for the dirigible wheels with flat spring suspensions. The front ends of these springs are pivoted to the frame; the back ends are connected

to pneumatic pistons moving in cylinders attached to the frame, thus permitting greater vertical movement of the said wheels than would be permitted by the springs alone. The pneumatic cylinders of each axle are interconnected by a conduit.

The other claimed novel feature is in the arrangement of the steering gear and rods. The steering gear is mounted on the frame and is connected by a steering arm and drag link to a steering arm mounted on the inner end of a shaft extending through the frame at the front pivot of the flat suspending spring. On the outer end of said shaft is another steering arm, parallel to the first. Connected thereto is a drag link which extends backward and is attached to a steering arm which moves the dirigible wheel; the effective length of this drag link is equal to the distance between the front pivot of the leaf spring and the center of the dirigible wheel. The other wheels are in a like manner controlled by steering arms and drag links, so that all will move in unison. By these means, it is claimed, wabbling of the dirigible wheels is prevented when rough places or obstructions are encountered by them.

The appellant also seeks a patent upon the application of this principle to four wheels and claims invention, in that respect, over any preceding disclosure.

We have examined the references, and, in our opinion, they are anticipations of the claims in issue. The means "permitting a motion substantially greater than the spring deflection of each axle with relation to said frame," mentioned in claims 3 and 4, is, in our opinion, fully shown by the reference Whittelsey, 1,126,326. The control mechanism adapted to maintain the steering alignment of the dirigible wheels, independent of the relative movements of the steering members, all as shown by claims 4, 5, and 9, although couched in a little different language in each count, is fully disclosed by the reference Hallner, 1,234,014. In fact, appellant practically admits, in his brief, that Hallner had disclosed this idea. He insists, however, that Hallner did not show his device in connection with four drive wheels and two axles, and that therefore there is novelty in such a showing.

We do not so understand the law. A mere duplication of parts is not invention. Topliff v. Topliff, 145 U. S. 156, 12 S. Ct. 825, 36 L. Ed. 658; In re Scott, 25 App. D. C. 307; In re Lower, 49 App. D. C. 226, 263 F. 478; Burnham v. Union Mfg. Co. (C. C.

A.) 110 F. 765. If appellant merely took Hallner's idea, as applied to two wheels, and thereafter applied it to four or six wheels, this would not be invention unless the same might lie in his method of connecting the same. Inasmuch as we believe nothing novel is shown in this respect, we conclude that all appellant has shown is a mere duplication of parts. Nor are we able to see, in appellant's combination of old devices, any new and useful result.

The decision of the Board of Appeals should be, and is, affirmed.

Affirmed.